UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

| | |
|---|---|
| United States of America | [Proposed] **Protective Order** |
| v. | **22 Cr. 581 (LGS)** |
| Andrell Dukes, *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Sensitive Disclosure Material.** The Government will make disclosure to the defendant of documents, objects, and information pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive Disclosure Material" by the Government in emails or communications to defense counsel, or (2) that include Bates or other label stating, "Covered by Protective Order," shall be deemed "Sensitive Disclosure Material."

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

4. Disclosure material designated as Sensitive Disclosure Material shall not be disclosed by the defendant or his counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Disclosure Material to the media or any third party except as set forth below.

5. Sensitive Disclosure Material may be disclosed by the defense to:

   (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   (b) Prospective witnesses for purposes of defending this action;

   (c) The defendant; and

   (d) Such other persons as hereafter may be authorized by the Court.

6. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Sensitive Disclosure Material in accordance with the provisions of this Order.

All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Sensitive Disclosure Material has been disclosed to which such persons.

7. The Government may authorize, in writing, disclosure of Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any Sensitive Disclosure Material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

9. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Sensitive Disclosure Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

10. Except for Sensitive Disclosure Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, the defense shall return to the Government or securely destroy or delete all such material within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or

the granting of any motion made on behalf of the Government dismissing any charges in this case; or the expiration of any retention period mandated by governing rules of professional responsibility applicable to the defense, whichever date is later.  If Sensitive Disclosure Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

**Retention of Jurisdiction**

12. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date:   October 31, 2022
Lisa Daniels
Assistant United States Attorney


/s/ Martin Cohen                                                    Date:   October 31, 2022
_____
Martin Cohen
Counsel for Andrell Dukes

The Clerk of the Court is directed to terminate the letter motion at docket number 8.

SO ORDERED:

Dated: New York, New York
November 1, 2022

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE